UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| ROBIN HILL, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )  CIVIL ACTION NO. |
| | )  5:08-CV-168-BG |
| | )  ECF |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
|     Defendant. | ) |

**REPORT AND RECOMMENDATION**

Plaintiff Robin Hill filed this action seeking judicial review of a decision of the Defendant denying her application for Supplemental Security Income (SSI). Hill did not consent to the jurisdiction of the United States Magistrate Judge. Pursuant to the District Court's order of transfer, the undersigned files this Report and Recommendation and recommends that the court reverse the Commissioner's decision and remand Hill's case for further proceedings.

**I.**    **Statement of the Case**

Hill applied for SSI on June 23, 2004, claiming that problems with her back and knees limited her ability to work and that she had been disabled since January 1993. (Tr. 15, 60-62, 92.) The Administrative Law Judge (ALJ) held a hearing at which Hill was represented by counsel and testified. (Tr. 536-55.) She testified that the Social Security Administration previously determined that she was disabled as a result of problems with her knees and that she received Social Security benefits from 1996 to 2003. (Tr. 549-50.) She further testified that receipt of benefits ceased during an investigation into her marital status and that she was incarcerated in prison before the investigation was concluded. *Id*.

Hill has undergone at least eight surgeries on her knees and suffers from a number of problems in her knees, including degenerative and osteoarthritis changes, calcifications, joint narrowing, and instability in the joints. (Tr. 159, 383, 385.) She claims that walking is difficult for her because she experiences spasms in her back and legs, that one of her knee joints pop out of place, and that her feet swell. (Tr. 545-46.) She testified that she loses her balance when her knee joint pops out of place and that it feels to her as though her feet are in cement blocks and that it is difficult to lift them. *Id*. She stated, "[T]he more I'm ambulatory, they get worse . . . and they start to swell." *Id*. She indicated that she experienced difficulty bending her knees and sitting down onto a chair and that she therefore sat in a lift chair at home because the chair adjusted from a standing position to a sitting position. She further testified that she sat with her legs elevated in the chair and that if she did not elevate her legs, she lost sensation in her feet and they swelled. *Id*. She testified that she used a cane to walk short distances and rode a ride-on cart at stores and that she limited the stores she visited because not all stores have ride-on carts. She claimed she felt like a prisoner in her home because "[she] can't get out; nobody wants to go through that much trouble." *Id*. She claimed that during the day she sat in her lift chair, read books, and watched television with her grandchildren. (Tr. 543-44.)

In evaluating disability the Commissioner conducts a five-step sequential analysis under which it is determined whether: (1) the claimant is not working in substantial gainful activity; (2) the claimant has a severe impairment or combination of severe impairments; (3) the claimant's impairment(s) meets or equals in severity a listed impairment in Appendix I of the regulations; (4) the impairment(s) prevent the claimant from performing his past work; and (5) the impairment(s) prevent the claimant from performing alternative work. *Newton v. Apfel*, 209 F.3d 448, 453

(5th Cir. 2000); 20 C.F.R. § 416.920 (2008). In order to determine whether the claimant is disabled, the Commissioner considers the claimant's medical records, as well as the claimant's subjective allegations and the claimant's credibility. 20 C.F.R. § 416.929.

In this case, the ALJ determined that Hill was not working during the time she claimed disability and suffered from severe impairments but that her impairments did not meet or equal in severity any of the listings in the regulations. (Tr. 16, 20.) He analyzed Hill's testimony, along with the medical evidence and her work history, and determined that she was not credible to the extent she alleged an inability to sustain any work at all. (Tr. 21.) He then determined that she was capable of performing sedentary work that would accommodate a moderate concentration deficit, that she was unable to perform her past work as a nurse's aide, but that she was capable of performing other jobs that existed in significant numbers in the national economy. (Tr. 22-23.)

Hill contests the determination the ALJ made at step three of the sequential analysis. She claims the medical evidence demonstrates that her impairments meet the criteria of Listing 1.02A, the listing for major dysfunction to a major peripheral weight-bearing joint, and, in the alternative, that the combination of her impairments are equal to the criteria of Listing 1.02A. She claims the ALJ did not mention Listing 1.02A in his decision and that he did not provide any discussion regarding whether her impairments met the particular listing. Citing *Audler v. Astrue*, 501 F.3d 446 (5th Cir. 2007), she claims the ALJ's step-three determination is beyond meaningful judicial review. She also cites authority, which she claims requires the ALJ to obtain the opinion of a medical expert in a case such as hers.

**II.     Discussion**

If it is determined at step three of the sequential disability evaluation that the claimant's impairments meet or medically equal the criteria of a listed impairment, disability is presumed and

the evaluation ends in the claimant's favor.  20 C.F.R. § 416.920(a); *see Loza v. Apfel*, 219 F.3d 378, 390 (5th Cir. 2000) (disability is conclusively presumed if a claimant's impairments meet or equal the criteria of one of the listed impairments in the Commissioner's regulations).

At step three of the sequential evaluation in this case, the ALJ stated that he found "that the objective medical evidence fails to establish that the claimant suffers from any impairment or combination of impairments which meets or equals in severity the requirements of any provision contained in the Listing of Impairments."  (Tr. 20.)  The ALJ noted that he had considered the opinions of State agency consultants who had reached the same conclusion after evaluating Hill's case at the initial and reconsideration stages.  The ALJ specifically analyzed whether Hill's impairments met the criteria of Listing 12.04, the listing for affective disorders, and Listing 12.09, the listing for substance addiction disorders.  Although he specifically discussed whether her mental limitations met the criteria of a listing, he did not discuss whether her physical impairments met the criteria of a listing.  Significantly, he did not discuss whether Hill's knee problems satisfied the criteria of Listing 1.02A, the listing for major dysfunction to a major peripheral weight-bearing joint.

In *Audler*, the Fifth Circuit Court of Appeals held that step-three analysis similar to that provided by the ALJ in this case was inadequate.  In that case the claimant contended that her impairments met the criteria of Listing 1.04, the listing for spinal disorders. *Audler*, 501 F.3d at 448. Despite evidence in the record of related problems in Audlers's cervical and lumbar spine, the ALJ did not cite Listing 1.04.  He instead concluded in summary fashion, as did the ALJ in this case, that the impairments did not meet the criteria of any listed impairment in the regulations. *See id.* at 448. The court found the ALJ's analysis insufficient noting that the ALJ failed to identify the particular listed impairment for which Audler's impairments failed to qualify and that the ALJ failed to

4

provide an explanation as to why Audler's impairments did not meet any listed impairment. *Id.* The court admonished that "'[s]uch a bare conclusion is beyond meaningful judicial review'" and directed that the ALJ was required to discuss the evidence in the record and explain why the claimant was not disabled at step three of the sequential evaluation. *Id.* (quoting *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996)). The court explained that because the ALJ had offered nothing to support the step three decision, "'we, as a reviewing court, simply cannot tell whether her decision is based on substantial evidence or not.'" *Audler*, 501 F.3d. at 448 (quoting *Cook v. Heckler*, 783 F.2d 1168, 1172 (4th Cir. 1986)). The court indicated that such a failing would require remand if the ALJ's error harmed the substantial rights of the claimant. *See Audler*, 501 F.3d at 448 (citing *Morris v. Bowen*, 864 F.2d 333, 334 (5th Cir. 1988)). The court determined that Audler had demonstrated that her impairments met the requirements of Listing 1.04A and that her substantial rights had therefore been affected by the ALJ's failure to explain the basis of the step-three determination. *Audler,* 501 F.3d at 449.

The ALJ in this case, as the ALJ in *Audler*, provided inadequate analysis at step three of his decision. Despite medical evidence documenting long-standing limitations in Hill's knees and despite the fact that she was previously found to be disabled because of the limitations in her knees, the ALJ did not evaluate whether she was disabled under Listing 1.02A. (*See* Tr. 16-20.) Based on the evidence in this case, Hill was prejudiced by the ALJ's failure.

Listing 1.02A, the listing for major dysfunction to a major peripheral weight-bearing joint, requires evidence of gross anatomical deformity, such as subluxation, contracture, bony or fibrous ankylosis; chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected joints; and joint space narrowing, bony destruction, or ankylosis of the

5

affected joints. 20 C.F.R. pt. 404, subpt. P, app. 1 § 1.02. The medical evidence establishes dysfunction and anatomical deformity and limitation of motion in Hill's knees. (*See* Tr. 159-60, 488, 492, 494.)

Under Listing 1.02A, there must also be evidence of joint dysfunction affecting a major weight-bearing joint and resulting in an inability to ambulate effectively. 20 C.F.R. pt. 404, subpt. P, app. 1 § 1.02A. The "inability to ambulate effectively" means an extreme limitation of the ability to walk; *i.e.*, an impairment(s) that interferes very seriously with the individual's ability to independently initiate, sustain, or complete daily activities. 20 C.F.R. pt. 404, subpt. P, app. 1 § 1.00(2)(b)(1) (emphasis added). The regulations further direct that ineffective ambulation is generally defined as the inability to ambulate without assistive devices that limit the claimant's ability to use both extremities; examples of ineffective ambulation include, but are not limited to, the inability to walk without the use of a walker, two crutches or two canes, and the inability to walk a block at a reasonable pace on rough or uneven surfaces. *Id*.

The regulations direct that the determination as to whether a claimant can ambulate effectively is "based on the medical and other evidence in the case record." 20 C.F.R. pt. 404, subpt. P, app. 1 § 1.00(2)(a). (Tr. 543-46.) Based on the medical evidence and Hill's testimony, Hill is unable to ambulate effectively. (Tr. 410, 488-89, 545-47.)

Hill's substantial rights were affected by the ALJ's failure to discuss why Hill's knee problems did not meet or equal one of the listings in the regulations.

Because remand is required for a more thorough step-three analysis, upon remand the Commissioner should also order a consultative examination. Under some circumstances, a consultative examination is required to fully and fairly develop the record. *Pearson v. Bowen*, 866

F.2d 809, 812 (5th Cir. 1989). The regulations direct that when "the information we need is not readily available from the records of your medical treatment source, or we are unable to seek clarification from your medical source, we will ask you to attend one or more consultative examinations at our expense." 20 C.F.R. § 416.912(f). The medical records in this case demonstrate that Hill suffers from a number of anatomical deformities and limitations in her knees; however, there is no medical evidence or medical opinion regarding how the limitations affect her ability to perform basic work activities. (*See, e.g.*, Tr. 425. 488-89, 492.) Although a non-examining State agency physician reviewed the records and provided a residual functional capacity assessment, as Hill points out, the physician provided the assessment in 2004 and did not have the benefit of reviewing records that were generated between 2004 and 2007 that included information regarding the problems in Hill's knees. (*See* Tr. 157; *compare* 425 488, 492.)

### III. Recommendation

The reviewing court must determine whether the Commissioner's decision is supported by substantial evidence and whether proper legal standards were used to evaluate the evidence. *Watson v. Barnhart*, 288 F.3d 212, 215 (5th Cir. 2002) (citing *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999)). There is not substantial evidence to support the Commissioner's final decision in this case. Based on the discussion of the issues in this Report and Recommendation, the evidence, and the law, this court recommends that the United States District Court reverse the Commissioner's decision and remand Hill's case for further administrative proceedings.

### IV. Right to Object

Pursuant to 28 U.S.C. § 636(b)(1), any party has the right to serve and file written objections to the Report and Recommendation within ten days after being served with a copy of this document.

The filing of objections is necessary to obtain de novo review by the United States District Court. A party's failure to file written objections within ten days shall bar such a party, except upon grounds of plain error, from attacking on appeal the factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc).

Dated:   April 30, 2009.

_____
NANCY M. KOENIG
United States Magistrate Judge